UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEAK PROPERTY AND CASUALTY
INSURANCE CORPORATION,

    Plaintiff,

vs.

                                                Case No.

MICHELLE MELENDEZ AND
HARLEY BUSSE

    Defendants.
_____

**COMPLAINT FOR DECLARATORY JUDGMENT
AND DEMAND FOR JURY TRIAL**

    Plaintiff, PEAK PROPERTY AND CASUALTY INSURANCE CORPORATION ("PEAK PROPERTY"), by and through undersigned counsel, brings this Petition for Declaratory Judgment against Defendants MICHELLE MELENDEZ and HARLEY BUSSE and states as follows:

    1.    This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining questions of actual controversy between the parties having an interest in an automobile liability insurance policy issued by Plaintiff PEAK PROPERTY to Defendant, MICHELLE MELENDEZ ("MELENDEZ"), with aggregate limits which exceed $75,000.

    2.    At-issue is whether liability insurance benefits are afforded under a Named Non-Owner Policy issued by Plaintiff to Defendant MELENDEZ in

connection with MELENDEZ's operation of her owned car on June 23, 2021, when she struck Defendant HARLEY BUSSE ("BUSSE"), a pedestrian, resulting in bodily injuries to him.

3. The Policy's liability limits are $100,000 each person/$300,000 each accident for bodily injury liability coverage and $50,000 each accident for property damage liability coverage subject to the terms and conditions of the Policy. Thus, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this Court as the automobile accident resulting in the claims for insurance benefits under the subject policy occurred in Hillsborough County, Florida.

5. Plaintiff PEAK PROPERTY is an insurance company organized under the laws of Wisconsin with its principal place of business in Wisconsin, making PEAK PROPERTY a citizen of Wisconsin for the purposes of determining diversity jurisdiction.

6. At all times material, Defendant MELENDEZ is and was an individual residing and domiciled in Hillsborough County, Florida, and she is a Florida citizen.

7. At all times material, Defendant BUSSE is and was an individual residing and domiciled in Hillsborough County, Florida, and he is a Florida citizen.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of jurisdiction between Plaintiff PEAK PROPERTY, a citizen of Wisconsin, and the above-named Defendants, who are citizens of Florida, and the matter in controversy exceeds the sum of $75,000.

**General Allegations**

9. On June 23, 2021, the Defendant MELENDEZ, while operating a 2010 Hyundai Sonata northbound on North Florida Avenue near East 109th Street, in Tampa, Hillsborough County, Florida, veered from the roadway striking pedestrian BUSSE, resulting in injuries and damages to him.

10. At all times material, Defendant MELENDEZ is and was the registered owner of the 2010 Hyundai Sonata, VIN # ending in 33416 (the "Hyundai Sonata").

11. On the Accident date, Defendant MELENDEZ had an automobile policy, policy number 11406980281, issued on April 27, 2021, by Plaintiff PEAK PROPERTY for the policy term April 27, 2021 through October 27, 2021 ("the Policy"), which Policy is a Named Non-Owner Policy providing liability coverage solely to Defendant MELENDEZ, the Named Insured, subject to the terms, limitations, and conditions of the Policy. A true and correct copy of the Policy, inclusive of Declarations Page and Policy Application, are attached hereto as **Exhibit "A"** and incorporated herein by reference.

12. As stated on the Policy's Declarations page, the liability limits are $100,000 each person/$300,000 each accident for bodily injury liability coverage and $50,000 each accident for property damage liability coverage, and the Policy is a Named Non-Owner Policy which "provides the selected coverage for the Named Insured while driving non-owned cars" and "[c]overage does not apply when driving a non-owned car available for regular use by the Named Insured."

13. The Florida Auto Application for the Named Non-Owner Policy, to

which Defendant MELENDEZ affixed her signature on April 27, 2021, identifies Defendant MELENDEZ as the Named Insured and plainly states the type of policy being applied for is a "Named Non-Owner Policy" with a FR-44 FL Financial Responsibility filing. The Florida Application explains that a Named Non-Owner Policy provides the selected coverage for the Named Insured while driving non-owned cars.

14. Defendant MELENDEZ also affixed her signature to a Named Non-Owner Acknowledgement form, form number GN1006-0915, connected to the Policy on April 27, 2021, whereby she acknowledged her understanding that "the only person afforded the benefit of Liability coverage under the Named Non-Owner policy is the Named Insured as listed on the Declarations Page" and "no coverage is afforded to [her] under this policy if [she] is using a vehicle [she] own[s] or as described per this policy's Named Non-Owner endorsement." A true and correct copy of Named Non-Owner Acknowledgment form signed by Defendant MELENDEZ and dated April 27, 2021, is attached hereto as **Exhibit "B"** and incorporated herein by reference.

15. The Policy issued by Peak Property carried an FR-44 certificate and was certified to the Florida Department of Highway Safety and Motor Vehicles as an Operator's Policy "with insurance coverage of 100k/300k/50k" "applicable to any vehicle not registered/titled to [MELENDEZ] and subject to the terms and conditions defined in the operator's insurance policy." A copy of the Operator's Policy FR-44 Certificate is attached as **Exhibit "C."**

16. Plaintiff PEAK PROPERTY issued a Florida Automobile Insurance

Identification Card for Policy number 11406980281-01974, which card identifies the Policy as a Named Non-Owner Policy. A copy of the Florida Automobile Insurance Identification Card for Policy number 11406980281-01974 is attached as **Exhibit "D."**

17. Defendant MELENDEZ also had in effect on the accident date a separate Owner's policy issued by Progressive American Insurance Company covering the 2010 Hyundai Sonata owned by her and which carried liability limits of $100,000 each person/$300,000 per accident for bodily injury and $50,000 each accident for property damage.

18. As a result of the Accident, Defendant BUSSE sustained bodily injuries and has or may assert claims for bodily injury coverage under the Policy.

19. As a result of the Accident, Defendant TECO allegedly sustained damage to property owned by it and has or may assert claims for property damage liability coverage under the Policy.

20. The relevant provisions of the Policy, as amended by NN01-FL-1213, Named Non-Owner Endorsement –Florida, provide as follows:

> **DEFINITIONS USED THROUGHOUT THE POLICY**
>
> The following definitions are amended in or added to **your** policy
>
> (2) "**You**" and "**your**" means only the person shown as the Named Insured on **your** Declarations Page.
>
> (9) "**Your insured car**" means:
>
> (A) A **non-owned car** which **you** are using with the consent of the owner;

  (B) Any **car you** acquire ownership of during the policy period. However, for coverage to apply under this policy, **you** must ask **us** for coverage within 14 days of its acquisition, and **we** must agree to provide it. Car Damage coverage will apply to the newly acquired **car** only if **you** ask **us** to provide it and **we** agree to do so. **You** must pay any additional premium charges for coverage for the newly acquired **car**.

(17) "**Non-owned car**" means a **car** not owned or leased by **you**. However, a **car** does not qualify as a **non-owned car** if:

  (A) The **car** is owned or leased by a **relative** or another person residing in **your** household; or

  (B) The **car** is available for **your** regular use.

* * *

## PART I – LIABILITY.

This section of your policy is amended as follows:

**We** will pay damages for which **you** are legally liable because of **bodily injury** and/or **property damage** caused by a **car accident** arising out of the use of **your insured car**. **We** will settle any claim or defend any lawsuit which is payable under the policy as we deem appropriate.

**We** have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

***

[NNO1-FL-1213, Page 1]

### Exclusions.

Coverage and our duty to defend does not apply to any of the following.

(9) **Bodily injury** or **property damage** arising out of the ownership, upkeep, or use of any vehicle other than **your insured car**. This exclusion applies only if the

6

>           vehicle is owned by, or furnished or available for regular use by **you** or a **relative.**

[PAP1-FL-0820, Page 5]

21.     At all times material, the 2010 Hyundai Sonata operated by Defendant MELENDEZ on June 23, 2021, was owned by Defendant MELENDEZ or available for MELENDEZ's regular use. Thus, it did not meet the definition of "your insured car" as defined by the Policy.

22.     The 2010 Hyundai Sonata was a car MELENDEZ had acquired years before the Accident and not during the Policy term. At no time did MELENDEZ apply for or ask PEAK PROPERTY to insure the 2010 Hyundai Sonata nor did PEAK PROPERTY ever agree to insure it.

23.     It is the position of PEAK PROPERTY that there is no contractual duty to indemnify Defendant MELENDEZ under the Policy for any claims related to the Accident and, specifically, for any claims or demands by Defendant BUSSE. PEAK PROPERTY also asserts that there is no contractual duty to defend Defendant MELENDEZ under the Policy as to claims by Defendant BUSSE.

24.     There exists a bona fide dispute and an actual justiciable genuine controversy between the parties as to whether the Policy obligates PEAK PROPERTY to indemnify or defend Defendant MELENDEZ as to injury claims by Defendant BUSSE in connection with the Accident.

WHEREFORE, Plaintiff, PEAK PROPERTY AND CASUALTY INSURANCE CORPORATION, respectfully requests that this Court enter a declaratory judgment which:

A. Interprets the Policy in accordance with its plain meaning and Florida law;

B. Applies the Court's interpretation to the facts of this case;

C. Determines the respective rights, status, and duties of the parties to this action and specifically declares that there is no liability coverage under the PEAK PROPERTY Policy available for the claims which have been or may be asserted against Defendant MICHELLE MELENDEZ by Defendant HARLEY BUSSE, and that Plaintiff PEAK PROPERTY has no duty to indemnify or defend MICHELLE MELENDEZ against liability claims by Defendant HARLEY BUSSE connected to the Accident.

## Demand for Jury Trial

Plaintiff demands a jury trial of all issues so triable.

Respectfully submitted this 10th day of January, 2022.

**MARKS GRAY, P.A.**

  /s/ *Carol M. Bishop*
**CAROL M. BISHOP**
Florida Bar No. 821357
CBishop@marksgray.com
**KENDALL S. MABRY**
Florida Bar No. 1025543
KMabry@marksgray.com
1200 Riverplace Blvd., Suite 800
Jacksonville, FL 32207
Phone: (904) 398-0900
**ATTORNEY FOR PLAINTIFF
PEAK PROPERTY AND CASUALTY
INSURANCE CORPORATION**